IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                 Case no. 8:06-cv-1403-T-30TBM

MARSHA HOFFMAN-VAILE, M.D.,
et al.,

        Defendants.
_____/

## CONSENT JUDGMENT

    This matter is before the Court upon the consent of the United States of America, acting through the Department of Justice and on behalf of the Office of the Inspector General of the Department of Health and Human Services ("HHS/OIG") (collectively referred to as the "United States"), and Marsha Hoffman-Vaile, M.D., and Marsha Hoffman-Vaile Dermatology, PLC (collectively referred to as "Defendants"), by their counsel Michael Brown, Esquire. Collectively, all of the above are referred to as "the Parties." The Parties consent hereto, and it now appears to the Court, that:

    1.    This Court has jurisdiction over the Parties as well as over the subject matter of this action.

    2.    The Parties desire to terminate this cause of action in accordance with the terms and conditions set forth herein and as set forth in the Settlement Agreement executed by the Parties and attached hereto as "Exhibit A."

    3.    Defendant Marsha Hoffman-Vaile hereby certifies that she is authorized by Marsha Hoffman-Vaile Dermatology, PLC, to act on its behalf and to enter into this

Consent Judgment and related Settlement Agreement.

4.    Pursuant to the attached Settlement Agreement, the Defendants agree and consent to judgment being entered in favor of the Government and against the Defendants, jointly and severally, for damages in the amount of $1,182,000, together with interest accruing at 4.44% compounded annually.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be entered in favor of the Government and against the Defendants, namely, Marsha Hoffman-Vaile, MD and Marsha Hoffman-Vaile Dermatology, PLC, jointly and severally, for damages in the amount of $1,182,000.00, for which let execution issue; and it is further

ORDERED AND ADJUDGED that Defendants shall pay to the United States $625,000 plus all interest accrued thereon, on or before November 1, 2009.  Upon timely receipt by the United States of payment by the Defendants of $625,000 with all applicable interest, the Defendants shall be entitled to have this judgment marked satisfied upon the records of this Court and upon the records of any other court in which it is recorded, in full compromise of the judgment amount of $1,182,000.00.

ORDERED, ADJUDGED and DECREED this _20_ day of _March_, 2008, in chambers in Tampa, Florida.

IT IS SO ORDERED.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**AGREED TO AS TO FORM AND SUBSTANCE:**

**ROBERT E. O'NEILL**
UNITED STATES ATTORNEY

**LACY R. HARWELL, JR.**
Assistant United States Attorney
Florida Bar. No. 714623
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6350
Facsimile: 813-274-6198
Randy.Harwell@usdoj.gov

Counsel for the United States

Dated: 3/14/08

Marsha Hoffman-Vaile, MD

Dated: 2/25/8

**MICHAEL L. BROWN**
ALSTON AND BIRD, LLP
Georgia Bar No. 88875
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Mike.Brown@Alston.com

Counsel for defendants

Dated: 2/25/8

Marsha Hoffman-Vaile, MD, as
_____ for
Marsha   Hoffman-Vaile
Dermatology, PLC

Dated: 2/25/8

## SETTLEMENT AGREEMENT

### I. PARTIES

This Settlement Agreement ("Agreement") is entered into among: the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General for the U.S. Department of Health and Human Services ("OIG-HHS"); Marsha Hoffman-Vaile, M.D. ("Hoffman-Vaile"); and Marsha Hoffman-Vaile Dermatology, PLC ("Hoffman-Vaile Dermatology") (hereafter referred to collectively as "the Parties"), by and through their authorized representatives.

### II. PREAMBLE

As a preamble to this Agreement, the Parties agree to the following:

1.     Hoffman-Vaile Dermatology is a medical practice, incorporated in the State of Florida and doing business in Lakeland, Florida. At all times relevant to this Agreement, Hoffman-Vaile Dermatology and Hoffman-Vaile have submitted or caused to be submitted claims for payment to the Medicare Program (Medicare), Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395ggg.

2.     The United States contends that it has certain civil claims against Hoffman-Vaile Dermatology and Hoffman-Vaile for having submitted or caused to be submitted to the Medicare program false claims for payment for services, during the period from on or about August, 2000 through on or about January 2002, that were fraudulent and otherwise not subject to reimbursement by the Medicare program. The United States contends that those false claims for payment included claims for dermatological services performed by Hoffman-Vaile Dermatology and Hoffman-Vaile as is more fully described in paragraphs 26 - 35 of the First Amended Complaint filed in the case styled United States v. Hoffman-VaileDermatology,, MD, PC and Marsha Hoffman-Vaile, MD, case no. 8:06-cv-1403-JSM-

TBM ("the Civil Action"). (The conduct described in this Paragraph is hereinafter referred to as the "Covered Conduct.").

3.      Hoffman-Vaile Dermatology and Hoffman-Vaile deny the allegations in Paragraph 2 above. This Agreement is neither an admission of liability by Hoffman-Vaile Dermatology and Hoffman-Vaile, nor a concession by the United States that its claims are not well founded.

4.      To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, the Parties reach a full and final settlement pursuant to the Terms and Conditions below.

## III. TERMS AND CONDITIONS

5.      Upon execution of this Agreement by the United States, Hoffman-Vaile Dermatology and Hoffman-Vaile, Hoffman-Vaile agrees to pay to the United States the sum of $625,000 (the "Settlement Amount"), plus interest at the rate of 4.44 % compounded annually.  This interest rate will take effect six months after the execution of this Agreement. The Settlement Amount, plus applicable interest, shall be paid on or before November 1, 2009, according to the terms and subject to the agreements set forth herein.

6.      As security for the payment of the Settlement Amount as set forth herein, Hoffman-Vaile and Hoffman-Vaile Dermatology agree to the following:

a)      Hoffman-Vaile will grant to the United States security interest(s) in certain assets owned or controlled, in whole or in part, by Hoffman-Vaile, as reported in her financial disclosure statement provided to the United States and dated September 13, 2007. Hoffman-Vaile warrants that she has marketable title to said property, subject only to recorded encumbrances, and the property

2

has an equity value exclusive of all other encumbrances that exceeds fair market value of said property. Hoffman-Vaile will execute and deliver to the United States Attorney's Office for the Middle District of Florida, not later than ninety (90) days from the execution of this Settlement Agreement, a Security Agreement, Mortgage or Deed of Trust, and the appropriate Uniform Commercial Code documents (as applicable), for said property, located at 36 Ocean Ridge Boulevard N., Palm Coast, Florida 32137 and 351 Harbor Village Point N., Palm Coast, Florida 32137, the legal descriptions for which will be further identified and attached to this Agreement as Exhibit A. Should any of the above documents subsequently be deemed not legally sufficient by the United States, Hoffman-Vaile agrees to provide the appropriate legally sufficient documents, or the United States may declare this Agreement to be in default. Hoffman-Vaile warrants that if any party owns an interest in said property, she has caused such party to execute the Deed of Trust or Mortgage. Hoffman-Vaile and the United States agree to divide equally the payment for all fees and taxes related to recordation of the above documents. Hoffman-Vaile also agrees to perform all acts required for the United States to perfect its security interest, or the United States may declare this Agreement to be in default. Finally, Hoffman-Vaile agrees that she will not mortgage or otherwise encumber or cause to be encumbered any such property in a way that would give priority to any other interest ahead of the interests granted or to be granted to the United States pursuant to the provisions of this paragraph; and

3

b)   Hoffman-Vaile and Hoffman-Vaile Dermatology shall execute the consent judgment ("Consent Judgment") attached as Exhibit B.

7.   Immediately upon the execution of this Agreement, Hoffman-Vaile shall list for sale her real property described as 36 Ocean Ridge Blvd N., Palm Coast Florida, 32137 and 351 Harbor Village Point N., Palm Coast, Florida 32137 (collectively "the Palm Coast Properties"), and agrees to dedicate the sales proceeds from the sale of this property towards the immediate payment of the Settlement Amount, plus accrued interest.

In the event that the Settlement Amount and all accrued interest are not paid in full by November 1, 2009 from any source, including the sale of the Palm Coast Properties, or in the event of any other default under this Agreement, Hoffman-Vaile and Hoffman-Vaile Dermatology agree that the United States shall have the unfettered right to record the Consent Judgment in the full amount of the damages suffered by the Defendants' conduct, $1,182,000 ("the Consent Judgment Amount"), plus all applicable interest, and further agree to waive all defenses to the enforcement of same against Hoffman-Vaile Dermatology and Hoffman-Vaile, jointly and severally.  The Consent Judgment shall be docketed with the Court as part of the Civil Action, but shall not be recorded except in the event of default by Hoffman-Vaile Dermatology and/or Hoffman-Vaile on one or more of their obligations herein.

In the event that the Settlement Amount plus all accrued interest is not paid by November 1, 2009, or in the event of any other default under this Agreement, Hoffman-Vaile shall withdraw funds sufficient to pay the Consent Judgment Amount in full, from Morgan Stanley IRA Account no. 513-050-679-063 (consisting of annuity contract numbers

4

30374942 and 303749542), at the first possible date when such withdrawal of funds would incur no penalty and in any case no later than January 20, 2012.

On or after November 1, 2009, and to the extent necessary to the full payment of the Consent Judgment Amount, the United States shall have the right to levy upon and sell any property owned by Hoffman-Vaile and Hoffman-Vaile Dermatology that is subject to its recorded liens granted under this Agreement, and further that Hoffman-Vaile and Hoffman-Vaile Dermatology shall waive all defenses, if any, to such levy and sale.

The United States shall have the unfettered right, in its sole discretion, to elect among the remedies granted in this paragraph 7, and Hoffman-Vaile and Hoffman-Vaile Dermatology agree that they shall have no right to dictate or intrude upon the United States' election with respect to the same. Hoffman-Vaile and Hoffman-Vaile Dermatology will pay the United States all reasonable costs of collection and enforcement of this Agreement, including attorney's fees and expenses. The United States reserves the option of referring such matters for private collection.

8.    Subject to the exceptions in Paragraph 10 below, and conditioned upon the performance of all obligations imposed upon Hoffman-Vaile and Hoffman-Vaile Dermatology in this Agreement, and conditioned upon the full payment of the Settlement Amount, plus interest, by Hoffman-Vaile Dermatology and Hoffman-Vaile on or before November 1, 2009, the United States (on behalf of itself, its officers, agents, agencies, and departments) shall fully release Hoffman-Vaile Dermatology and Hoffman-Vaile, from any civil or administrative monetary claims the United States has or may have under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-

7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud, for the Covered Conduct.

9.    The United States Department of Health and Human Services, Office of the Inspector General expressly reserves all rights to institute, direct, or maintain any administrative action seeking exclusion against Hoffman-Vaile Dermatology and Hoffman-Vaile from Medicare, Medicaid, or other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) under 42 U.S.C. § 1320a-7(a) (mandatory exclusion), or 42 U.S.C. § 1320a-7(b) (permissive exclusion).

10.    Specifically reserved and excluded from the scope and terms of this Agreement as to any entity or person (including Hoffman-Vaile Dermatology and Hoffman-Vaile) are the following claims of the United States:

> a.    Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);
>
> b.    Any criminal liability;
>
> c.    Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from Federal health care programs;
>
> d.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;
>
> e.    Any liability based upon such obligations as are created by this Agreement;
>
> f.    Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services; and

6

g.      Any liability for failure to deliver goods or services due.

11.  Hoffman-Vaile has provided sworn financial disclosure statements ("Financial Statements") to the United States and the United States has relied on the accuracy and completeness of those Financial Statements in reaching this Agreement. Hoffman-Vaile warrants that the Financial Statements are thorough, accurate, and complete. Hoffman-Vaile further warrants that she does not own or have an interest in any assets which have not been fully identified and disclosed in the Financial Statements, and that Hoffman-Vaile has made no misrepresentations on, or in connection with, the Financial Statements. Hoffman-Vaile agrees to provide, or cause to be provided, annual updated financial statements to the United States. In the event the United States learns of asset(s) in which Hoffman-Vaile or Hoffman-Vaile Dermatology had an interest at the time of this Agreement which were not disclosed in the Financial Statements, or in the event the United States learns of a misrepresentation by Hoffman-Vaile on, or in connection with, the Financial Statements, and in the event such nondisclosure or misrepresentation changes the estimated net worth of Hoffman-Vaile and Hoffman-Vaile Dermatology set forth on the Financial Statements by a material amount, the United States may at its option rescind this Agreement and reinstate its Amended Complaint, without prejudice to or limitation upon any other right available by law.

12.  In the event that the United States, pursuant to paragraph 12 above, opts to rescind this Agreement, Hoffman-Vaile and Hoffman-Vaile Dermatology hereby expressly waive their right to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which (1) are filed by the United States within ninety (90) calendar days of written

7

notification to Hoffman-Vaile and Hoffman-Vaile Dermatology that this Agreement has been rescinded, and (2) relate to the Covered Conduct, except to the extent these defenses were available on July 31, 2006. Notwithstanding any other right or remedy available to the United States under law, any default by the defendants under this settlement agreement shall constitute independent grounds for exclusion, or if exclusion is already in effect, for an additional term of exclusion under 42 U.S.C. §§ 1320a-7(a) and/or 1320a-7(b).

13.     Hoffman-Vaile Dermatology and Hoffman-Vaile hereby waive and will not assert any defenses that they may have to any criminal prosecution or administrative action relating to the Covered Conduct, which defenses may be based in whole or in part on a contention that, under the Double Jeopardy Clause of the Fifth Amendment of the Constitution, or under the Excessive Fines Clause of the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Hoffman-Vaile Dermatology and Hoffman-Vaile preserve their right to right to challenge the fine, restitution, or forfeiture imposed in the criminal action, case no. 8:05-cr-00307-SCB-MSS, on any grounds other than the settlement of this matter. Hoffman-Vaile Dermatology and Hoffman-Vaile agree that this Agreement is not punitive in purpose or effect. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26, of the United States Code.

14.     Hoffman-Vaile and Hoffman-Vaile Dermatology fully and finally release the United States, its agencies, officers, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated)

8

which Hoffman-Vaile Dermatology and Hoffman-Vaile have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, employees, servants, and agents, related to the Covered Conduct and the United States' investigation and prosecution thereof.

15.     The Settlement Amount will not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare carrier or intermediary or any State payer, related to the Covered Conduct or otherwise; and Hoffman-Vaile Dermatology and Hoffman-Vaile shall not resubmit to any Medicare carrier or intermediary or any State payer any previously denied claims related to the Covered Conduct, and shall not appeal any such denials of claims.

16.     Hoffman-Vaile Dermatology and Hoffman-Vaile hereby waive and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

17.     Except as expressly provided to the contrary in this Agreement, each Party will bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

18.     Hoffman-Vaile Dermatology and Hoffman-Vaile represent that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

19.     This Agreement is governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among

9

the Parties under this Agreement will be the United States District Court for the Middle District of Florida.

20.     This Agreement, and the Pledge Agreement that accompanies it, constitute the complete agreement between the Parties.  This Agreement may not be amended except by written consent of the Parties.

21.     The individual(s) signing this Agreement on behalf of Hoffman-Vaile Dermatology represent and warrant that they are authorized by Hoffman-Vaile Dermatology to execute this Agreement.  The United States signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

22.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

23.     This Agreement is binding on Hoffman-Vaile Dermatology's and Hoffman-Vaile's successors, transferees, heirs, and assigns.

24.     Hoffman-Vaile Dermatology and Hoffman-Vaile consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

25.     This Agreement shall be effective as to the Defendants on the date of execution by each Defendant of the same ("Effective Date") and effective as to the United States upon the full execution of the agreement by all signatories. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

26.  The United States and Hoffman-Vaile agree that the fees and expenses of the mediator used in this case, Johnson Savary, are to be split evenly between them, and paid according to their written mediator's agreement with Mr. Savary.

10

27.   Hoffman-Vaile and Hoffman-Vaile Dermatology agree that the obligations imposed by this Agreement are in addition to, and are independent of, any obligations imposed upon them as result of the criminal prosecution styled <u>United States v. Hoffman-Vaile</u>, case no. 8:06-cr-307-SCB-MSS, and any appeals taken therefrom.

28.   To the extent that any party to this Settlement Agreement may be required to provide any notice or notification to another party or parties, either by the terms of this Agreement or by the duty of good faith, absent notice of a change of address, the said notice shall be provided to the parties at the following respective addresses:

As to Marsha Hoffman-Vaile, MD:

Michael L. Brown, Esquire
Alston and Bird
1201 West Peachtree
Atlanta, Georgia 30309

Benjamin Platt, MBA, CPA, CVA
Kresge, Platt & Abare
1200 Plantaition Island Drive, Suite 230
St. Augustine, Florida 32080

As to Marsha Hoffman-Vaile Dermatology PLC:

Michael L. Brown, Esquire
Alston and Bird
1201 West Peachtree
Atlanta, Georgia 30309

As to the United States:

Lacy R. Harwell, Jr., AUSA
Office of the United States Attorney
400 North Tampa Street, Suite 3200
Tampa, Florida 33602

THE UNITED STATES OF AMERICA

ROBERT E. O'NEILL
UNITED STATES ATTORNEY

DATED: ___3/14/08___   BY: _____

LACY R. HARWELL, JR.
ASSISTANT U.S. ATTORNEY
Office of the United States Attorney
400 North Tampa Street, Suite 3200
Tampa, Florida 33602

DATED: ___3/14/08___   BY: _____

GREGORY E. DEMSKE
ASSISTANT INSPECTOR GENERAL
FOR LEGAL AFFAIRS
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and
Human Services

13

## HOFFMAN-VAILE DERMATOLOGY, PLC AND DR. MARSHA HOFFMAN-VAILE

DATED: _____2/29/8_____     BY: _____

                                  MICHAEL BROWN
                                  ALSTON AND BIRD
                                  1201 West Peachtree
                                  Atlanta, Georgia 30309

DATED: _____2/25/8_____     BY: _____

                                  MARSHA HOFFMAN-VAILE, MD
                                  As_____
                                  Of Hoffman-Vaile Dermatology, PLC

DATED: _____2/29/8_____     BY: _____

                                  MARSHA HOFFMAN-VAILE, M.D.

14

### Exhibit A

### Legal Descriptions for Mortgages

Parcel One:

Lot 26, Ocean Ridge, according to plat thereof recorded in MAP BOOK 30, pages 91 through 95, of the public records of Flagler County, Florida

Parcel Two:

Lot 75, HARBOR VILLAGE MARINA, according to the plat thereof, recorded in plat book 33, pages 39 through 44, of the public records of Flagler County Florida.

Parcel Three:

BEGINNING on an existing iron pin, said iron pin being the 3rd corner of the Second Tract of land described in Deed Book 324, at page 586, and runs thence South 36 degrees 23minutes 18 seconds East 1,423.28 feet to a set stone found, it being the Second Corner of the Second Tract of land described in Deed Book 324 at page 586; thence South 57degrees 17 minutes 00 seconds East 150.01 feet to an iron pin set; thence South 55 degrees 54 minutes 54 seconds West 1,214.89 feet to an iron pin set; thence same course, South 55 degrees 54 minutes 54 seconds West 226.78 feet to an iron pin set; thence North 36 degrees 23 minutes 18 seconds West 1,573.81 feet to an iron pin set in a hollow; thence North 56 degrees 23 minutes 48 seconds East 1,388.33 feet to the BEGINNING, and containing 50 acres according to a Plat of Survey prepared by R. L. Greene Surveying and Mapping entitled "A Survey and Division of the property belonging to Jack C. Turner", dated February 15, 1984, from which Plat of Survey all calls used in this description were taken. And being designated as Parcel #10 on said Plat of Survey.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                        Case no. 8:06-cv-1403-T-30TBM

MARSHA HOFFMAN-VAILE, M.D.,
et al.,

        Defendants.
_____/

### CONSENT JUDGMENT

This matter is before the Court upon the consent of the United States of America,

acting through the Department of Justice and on behalf of the Office of the Inspector

General of the Department of Health and Human Services ("HHS/OIG") (collectively

referred to as the "United States"), and Marsha Hoffman-Vaile, M.D., and Marsha Hoffman-

Vaile Dermatology, PLC (collectively referred to as "Defendants"), by their counsel Michael

Brown, Esquire. Collectively, all of the above are referred to as "the Parties." The Parties

consent hereto, and it now appears to the Court, that:

    1.    This Court has jurisdiction over the Parties as well as over the subject matter

of this action.

    2.    The Parties desire to terminate this cause of action in accordance with the

terms and conditions set forth herein and as set forth in the Settlement Agreement

executed by the Parties and attached hereto as "Exhibit A."

    6.    Defendant Marsha Hoffman-Vaile hereby certifies that she is authorized by

Marsha Hoffman-Vaile Dermatology, PLC, to act on its behalf and to enter into this

Consent Judgment and related Settlement Agreement.

7.      Pursuant to the attached Settlement Agreement, the Defendants agree and consent to judgment being entered in favor of the Government and against the Defendants, jointly and severally, for damages in the amount of $1,182,000, together with interest accruing at 4.44% compounded annually.

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED** that judgment be entered in favor of the Government and against the Defendants, namely, Marsha Hoffman-Vaile, MD and Marsha Hoffman-Vaile Dermatology, PLC, jointly and severally, for damages in the amount of $1,182,000.00, for which let execution issue; and it is further

**ORDERED AND ADJUDGED** that Defendants shall pay to the United States $625,000 plus all interest accrued thereon, on or before November 1, 2009.  Upon timely receipt by the United States of payment by the Defendants of $625,000 with all applicable interest, the Defendants shall be entitled to have this judgment marked satisfied upon the records of this Court and upon the records of any other court in which it is recorded, in full compromise of the judgment amount of $1,182,000.00.

**ORDERED, ADJUDGED and DECREED** this _____ day of _____, 2008, in chambers in Tampa, Florida.

**IT IS SO ORDERED.**

_____
**JAMES S. MOODY, JR.**
**UNITED STATES DISTRICT JUDGE**

**AGREED TO AS TO FORM AND SUBSTANCE:**

**ROBERT E. O'NEILL**
UNITED STATES ATTORNEY


_____
**LACY R. HARWELL, JR.**
Assistant United States Attorney
Florida Bar. No. 714623
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  813-274-6350
Facsimile:  813-274-6198
Randy.Harwell@usdoj.gov

Counsel for the United States

Dated:_____


_____
Marsha Hoffman-Vaile, MD

Dated:_____


_____
**MICHAEL L. BROWN**
ALSTON AND BIRD, LLP
Georgia Bar No. 88875
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Mike.Brown@Alston.com

Counsel for defendants

Dated:_____


_____
Marsha Hoffman-Vaile, MD, as
_____ for
Marsha   Hoffman-Vaile
Dermatology, PLC

Dated:_____